25 F.3d 1048
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Mary HOLOBAUGH, Plaintiff-Appellant,
v.
STATE OF TENNESSEE, State Board of Regents, and State
Technical Institute at Memphis, Defendants-Appellees.
 No. 93-5625.
 United States Court of Appeals, Sixth Circuit.
 June 8, 1994.
 
 Before: KENNEDY and BOGGS, Circuit Judges; and HILLMAN, Senior District Court Judge.*
 PER CURIAM.
 
 
 1
 In 1991, State Technical Institute at Memphis ("State Tech") fired Mary Holobaugh, a 58-year-old office clerk. Holobaugh sued under the Age Discrimination in Employment Act, 29 U.S.C. Sec. 623(a)(1), claiming that she was fired because of her age. The district court granted summary judgment to the defendants, finding that Holobaugh failed to rebut their legitimate, non-discriminatory reason for firing her. We agree with the district court's conclusion and thus affirm its decision.
 
 
 2
 * Mary Holobaugh was born in 1932. She worked at State Tech from 1974 until she was fired in August 1991. Holobaugh was an Accounts Payable Clerk for most of her tenure at the institute. Her supervisor, Jeanetta Grandberry, rated Holobaugh's job performance as "very good" until 1990. In 1990, the business office moved to a new building and Grandberry started complaining about Holobaugh's job performance. Grandberry complained to her supervisor, Ann Everett, that Holobaugh was often away from her desk. Both Grandberry and Everett warned Holobaugh about her excessive breaks and, in October 1990, Grandberry circulated a memorandum in which she explained the break policy of the office. The memorandum also discussed various job duties such as organization of invoices, priorities of tasks, review of travel claims, and use of the telephones.
 
 
 3
 On March 1, 1991, Grandberry issued a written reprimand to Holobaugh for her poor job performance and placed her on probation for two weeks. Grandberry also advised Holobaugh on ways to correct the deficiencies in her job performance. Even though Holobaugh was absent on sick leave for most of the two-week probationary period, on April 5, 1991, Grandberry again evaluated Holobaugh and placed her on six-months' probation. Grandberry cited Holobaugh's abuse of break time and poor work as reasons for the probation.
 
 
 4
 On May 9, 1991, John Kirk, the Dean of Business and Finance, decided to transfer Holobaugh to the financial aid department to fill a vacancy left unfilled by a hiring freeze.[1] Holobaugh became a front desk clerk, a position comparable to her accounts payable job. Holobaugh was also given training in areas where her skills were deficient, such as use of certain computer programs. Shortly after her transfer, Holobaugh took a vacation; when she returned, her new supervisor, Wanda Nelson, found that Holobaugh was not properly or promptly completing her job assignments. By August 1991, Nelson had spoken several times with Holobaugh about her job performance. On August 12, 1991, Nelson fired Holobaugh. Holobaugh was replaced by a woman in her mid-twenties.
 
 
 5
 Holobaugh contends that the defendants used her job performance as a pretext for firing her on account of her age. She submitted affidavits from two of her co-workers to support her claim that her performance was adequate. One of the affiants, Dottie Pugh, was a part-time work-study student in the business office during part of 1990. Pugh indicated that Holobaugh performed her job adequately and to the best of her abilities. The other affiant, Joyce West, was a clerk in the financial aid office. West also indicated that Holobaugh's job performance was adequate and that if Holobaugh's performance suffered, it was because Nelson was overworking her.
 
 
 6
 On the defendants' motion for summary judgment, the district court found that Holobaugh presented a prima facie case of age discrimination but failed to rebut the defendants' legitimate, non-discriminatory reason for her discharge. The district court granted summary judgment for the defendants. Holobaugh then filed this timely appeal.
 
 II
 
 7
 Holobaugh argues that there is a genuine issue of fact as to the defendants' reason for firing her. This court reviews de novo the district court's grant of a motion for summary judgment. Baggs v. Eagle-Picher Indus., Inc., 957 F.2d 268, 271 (6th Cir.), cert. denied, 113 S.Ct. 466 (1992). This court will affirm the district court's order only if we determine that the pleadings, affidavits, and other submissions show "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). We view all evidence before us in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356 (1986).
 
 
 8
 The moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that "there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554 (1986). The plaintiff must present more than a scintilla of evidence in support of her position; the evidence must be such that a jury could reasonably find for the plaintiff. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 2512 (1986).
 
 
 9
 "The ultimate issue in an age discrimination action is whether age was 'a determining factor' in the employer's decision to fire the plaintiff. Roush v. KFC Nat'l Management Co., 10 F.3d 392, 396 (6th Cir.1993) (quoting Fite v. First Tennessee Prod. Credit Ass'n, 861 F.2d 884, 890 (6th Cir.1988)). A plaintiff must prove that "but for" her age, she would not have been fired. Roush, 10 F.3d at 397. To establish a prima facie case of age discrimination, the plaintiff must demonstrate that "(1) she was a member of a protected class; (2) she was discharged; (3) she was qualified for her position; and (4) she was replaced by a younger person." Ibid. (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817 (1973)). If a plaintiff proves these four elements, she raises a rebuttable presumption of discrimination. Barnhart v. Pickrel, Schaeffer, & Eberling Co., 12 F.3d 1382, 1390 (6th Cir.1993) (citing Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 256, 101 S.Ct. 1089, 1095 (1981)).
 
 
 10
 Once the plaintiff has established a prima facie case of discrimination, the burden of production shifts to the defendant to articulate a legitimate, non-discriminatory reason for firing the plaintiff. Ibid. If the defendant fails to proffer a legitimate, non-discriminatory reason, the plaintiff is entitled to summary judgment. Ibid. "If, on the other hand, the defendant has succeeded in carrying its burden of production, the McDonnell Douglas framework--with its presumptions and burdens--is no longer relevant." St. Mary's Honor Ctr. v. Hicks, 113 S.Ct. 2742, 2749 (1993).
 
 
 11
 At this point in a summary judgment proceeding, "Hicks requires that ... the plaintiff, before becoming entitled to bring the case before the trier of fact, must show evidence sufficient for the factfinder reasonably to conclude that the employer's decision to discharge ... her was wrongfully based on age." LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 843 (1st Cir.1993), cert. denied, 114 S.Ct. 1398 (1994). A plaintiff may create a genuine issue of fact by producing enough evidence to indicate that the defendant's reason is a pretext for discrimination. Barnhart, 12 F.3d at 1390. A plaintiff may demonstrate pretext by showing: (1) that the stated reason for firing her has no basis in fact; (2) that the stated reason for firing her is not the actual reason; or (3) that the stated reason for firing her is insufficient to explain the firing. Ibid.
 
 
 12
 In Barnhart, we discussed the type of evidence needed to overcome a defendant's motion for summary judgment. In that case, the plaintiff, Barnhart, an attorney, was fired after he repeatedly failed to comply with the law firm's demand that he undergo treatment for his alcohol problems. On a motion for summary judgment, the defendant presented evidence of Barnhart's poor job performance and failure to co-operate with the firm; the firm also demonstrated that its concern about Barnhart's alcohol problems pre-dated the decision to fire him by several years. Id. at 1391-94.
 
 
 13
 In response to this evidence, Barnhart attempted to show that the firm's reasons for firing him were merely a pretext for age discrimination. To do this, he offered two pieces of evidence: certain shareholders of the firm asked him to take an early retirement and the firm was considering lowering the mandatory retirement age from seventy to sixty-five. Id. at 1394. The district court, however, granted summary judgment to the defendant on the grounds that Barnhart failed to establish that the firm's legitimate, non-discriminatory reasons for firing him were a pretext.
 
 
 14
 We affirmed the district court's judgment, holding that a suggestion of early retirement, coupled with a record of poor job performance that pre-dates the suggestion, is not a basis for finding that the employer discriminated against the plaintiff because of age. We found it persuasive that there was no indication in the correspondence between Barnhart and the firm that age, rather than alcohol abuse, was a motivating factor. We also dismissed Barnhart's contention that the fact that he was replaced by a younger person indicated pretext, stating that this fact was "merely a prerequisite to the establishment of a prima facie case of employment discrimination. Such proof does nothing to establish pretext." Id. at 1395.
 
 
 15
 Similarly, in Mitchell v. Toledo Hosp., 964 F.2d 577 (6th Cir.1992), we considered whether a plaintiff offered enough evidence on the issue of pretext to avoid summary judgment. In that case, the plaintiff contended she was fired because of her race and age. The defendant claimed she was fired because she hid completed forms from her supervisors as a practical joke. The forms were claims for several thousand dollars owed to the employer. In order to establish pretext, the plaintiff asserted in an affidavit that she had heard from several unidentified employees that two white employees who had committed similar infractions were not fired. The plaintiff also claimed that her actions did not constitute "misuse" of the employer's property. We upheld the district court's grant of summary judgment, finding that the affidavit consisted of nothing more than conclusory allegations and subjective beliefs, neither of which was sufficient to establish a claim of discrimination as a matter of law. We also found that the plaintiff's bald denial of wrongdoing was insufficient evidence to establish pretext. Id. at 584-85.
 
 
 16
 Holobaugh has presented even less evidence of age discrimination than the plaintiffs in Barnhart and Mitchell. As in the two cases cited above, the defendants in this case have proffered a legitimate, non-discriminatory reason for firing Holobaugh, namely that her job performance was unsatisfactory. Commencing in April 1990, Grandberry, Holobaugh's immediate supervisor, documented the inadequacies in Holobaugh's work. Grandberry found that Holobaugh had trouble following directions and completing a satisfactory amount of work, and took an excessive number of breaks. Holobaugh also admitted in her deposition that she was unable to do her job properly in the circumstances. Moreover, Holobaugh's supervisors made several attempts to assist her by making constructive suggestions about changing her work habits.
 
 
 17
 In response to this legitimate, non-discriminatory reason, Holobaugh offers two affidavits from former employees of State Tech. One affidavit is from Dottie Pugh, a part-time work-study student. Pugh stated that she worked with Holobaugh in the business office and that in her opinion, Holobaugh's work was "satisfactory in all respects" and that Holobaugh did not take excessive breaks during the day. Another affiant, Joyce West, worked in the financial aid office as a full-time clerk. West stated that Holobaugh did her job "to the best of her ability," that Holobaugh never took excessive breaks, and that Holobaugh's supervisor in financial aid, Nelson, piled "an insurmountable amount" of work on Holobaugh. West also stated that Holobaugh did an outstanding job, considering the work environment created by Nelson.
 
 
 18
 In addition to these affidavits, Holobaugh argues that her good job evaluations prior to March 1990 indicate that the defendants' reason for firing her was a pretext. Holobaugh contends that when she was placed on six months' probation in April 1990, she had not been at work during the two-week probation and thus could not have done anything to merit the longer probation. Also, Holobaugh points to her deposition in which she asserted that other similarly situated people were treated differently than she was:
 
 
 19
 Q. Your complaint says that you were treated differently than younger employees. What younger employees received different treatment than you?
 
 
 20
 A. There are many, many younger people on this campus who are--they are not expected to work as the older people are. They can--they can just get away with more. They can just do things. They can be off. They can go out and smoke.
 
 
 21
 ....
 
 
 22
 Q. What other events occurred during your tenure at the Financial Aid Office that you believe were based on your age?
 
 
 23
 A. About my sick leave, my back problems. They knew that I couldn't stand on my feet and I just didn't stand on my feet and walk, I was running a lot of the day. I had to wear tennis shoes, as I've stated before. They knew with back problems that I couldn't do this, that I couldn't handle it. I got sick, went to the doctor on August the 5th. I was out all that week with my back and my knees and the doctor said being on your feet has triggered the arthritis.
 
 
 24
 When I came back on the 12th I was fired. I was given a letter from Doctor Temple by Wanda Nelson that my services were terminated.
 
 
 25
 Finally, in her affidavit in response to the defendants' motion for summary judgment, Holobaugh recites a litany of wrongs done to her by Nelson.
 
 
 26
 Conspicuous by its absence, however, is any fact that indicates that the alleged wrongs were done because of Holobaugh's age. Unlike the situation in Barnhart, Holobaugh does not allege that anyone made a comment about her age. Neither Pugh's nor West's affidavits indicates that the affiant thought Holobaugh was being mistreated because of her age. Even Holobaugh's own affidavit merely alleges that Nelson treated her unfairly; it does not allege that Nelson took any of these actions because of Holobaugh's age. Thus, Holobaugh's affidavits are even weaker than those proffered in Mitchell. Given this vacuum in Holobaugh's proof, the district court was correct in finding that Holobaugh failed to rebut the defendants' legitimate, non-discriminatory reason for firing her. Accordingly, we AFFIRM the district court's order.
 
 
 
 *
 The Honorable Douglas W. Hillman, Senior United States District Judge for the Western District of Michigan, sitting by designation
 
 
 [1]
 Four other people were also transferred to other departments to fill "high priority" vacancies caused by the hiring freeze